UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP - 3 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

RHONDA BARNES,

    Plaintiff,

-VS-

BLUESTEM BRANDS, INC., d/b/a
FINGERHUT,

    Defendant.

_____/

CASE NO.: 3:15cv647 DPJ-FKB

# COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## INTRODUCTION

2. The TCPA was enacted to prevent companies like BLUESTEM BRANDS, INC., d/b/a FINGERHUT from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

## JURISDICTION AND VENUE

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

7. The alleged violations described herein occurred in Rankin County, Mississippi,. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Rankin County, Mississippi.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a corporation which was formed in Delaware doing business in the State of Mississippi.

11. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (601) 808-9119, and was the called party and recipient of Defendant's hereafter described calls.

12. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

14. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

16. In or about June of 2014, Defendant initiated its campaign of phone calls to the Plaintiff on her aforementioned cellular telephone. Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (800) 503-2370, (800) 503-2462, (800) 503-2462, (866) 836-8987 and (877) 503-6145.

17. At that time, in or about June of 2014, Plaintiff answered a call from Defendant and was greeted with an extended pause, and after holding for a few moments, Plaintiff was connected to an agent/representative of Defendant who informed Plaintiff they were calling Plaintiff to collect an alleged debt.

18. During the aforementioned June of 2014 conversation with agent/representative of Defendant, Plaintiff informed Defendant that she disputed the debt for which they were calling, that she had been in touch with the IRS regarding identity theft, and that she would send them the form which Defendant required to dispute the debt.

19. On or about June 25, 2015, Plaintiff returned to Defendant the complete, executed "Affidavit of Unauthorized Use" via USPS Certified Mail, which was received by the Defendant on June 28, 2014.

20. Despite Plaintiff providing Defendant with all documentation which they required to establish the fraudulent charges on her account, Defendant failed to correctly adjust all charges on the Plaintiff's account, and continued to call her aforementioned cellular telephone to collect a debt.

21. Due to the continued calls received from the Defendant to Plaintiff's aforementioned cellular telephone number, on or about July 23, 2014, Plaintiff sent to Defendant a copy of the Police Report for "Fraud – Identity Theft" with regards to unauthorized purchases made on her account with the Defendant issued by the Rankin County Sherriff's office, via USPS Certified Mail, which was received by the Defendant on July 28, 2014, requesting that Defendant properly remove all fraudulent charges from her account.

22. Despite Plaintiff providing Defendant with additional documentation to establish the fraudulent charges on her account, Defendant again failed to correctly adjust all charges on the Plaintiff's account, and continued to call her aforementioned cellular telephone in an attempt to collect a debt.

23. Due to continued calls from the Defendant received by the Plaintiff on her aforementioned cellular telephone number in an attempt to collect the fraudulent charges on her account, on or about August 20, 2014, Plaintiff again sent Defendant a copy of her executed "Affidavit of Unauthorized Use" and a copy of the Fraud Report from the Rankin County Sherriff's Office via USPS Certified Mail, which was received by the Defendant on August 23, 2014.

24. Due to the steady influx of calls from the Defendant to her aforementioned cellular telephone number despite numerous attempts to correct the fraudulent charges on her account, both verbally and in writing, in or about August of 2014 Plaintiff answered a call from the Defendant, was greeted with an extended pause, and after holding for a few moments, Plaintiff was connected to an agent/representative of Defendant and informed them that she had repeatedly disputed this debt, that she is disabled and the repeated calls were harassing her, and demanded that Defendant stop calling her aforementioned cellular telephone number.

25. During her August of 2014 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

26. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

27. Again, in or about April of 2014, due to the ceaseless barrage of harassing calls received from the Defendant, Plaintiff called the Defendant at (317) 558-6282 and informed a female agent/representative of Defendant that she wanted the automated phone calls to her aforementioned cellular telephone number to stop, and that she had previously demanded multiple times that the Defendant stop calling her.

28. To date, Defendant has placed approximately five-hundred (500) phone calls to Plaintiff's aforementioned cellular telephone number [Please see **Exhibit A** demonstrating at least 115 phone calls from August 21, 2014 through November 22, 2014.]

29. On numerous occasions, Plaintiff has answered Defendant's call, met with an extended pause and held the line in order to be connected to a live representative, and demanded that Defendant stop calling her.

30. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

31. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff repeatedly revoking any express permission Defendant may have had to call her aforementioned cellular telephone number.

32. Additionally, Plaintiff expressly revoked consent to Defendant's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial.

33. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

34. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

35. Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

36. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued in Federal Court over 129 times in the last 3 years.

37. In the last 3 years, the Defendant has had 2,134 complaints reported to the Better Business Bureau (BBB). See http://www.bbb.org/minnesota/business-reviews/mail-order-and-catalog-shopping/bluestem-brands-in-saint-cloud-mn-411/complaints.

38. Defendant violated the TCPA with respect to the Plaintiff.

39. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40. Plaintiff incorporates Paragraphs one through thirty-nine.

41. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jason Graeber. Esquire
Mississippi Bar #:101267
Jason Graeber Law Office
2462 Pas Road
Biloxi, MS 39531
Tele: (228) 207-7117
jason@jasongraeberlaw.com
*Designated Local Counsel for Plaintiff*

*And*

s/*Amanda Allen*
_____
Amanda Allen, Esquire
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
*Application for pro hac to be filed*

8